```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

KEVIN DARELL BILLIOUPS,           )
                                  )
         Plaintiff                )
                                  )
v.                                )    No. 3:11-0436
                                  )    Judge Trauger/Brown
THE METROPOLITAN GOVERNMENT OF    )    Jury Demand
NASHVILLE AND DAVIDSON COUNTY,    )
TENNESSEE, SGT. SHEILA STINSON    )
and LT. THOMAS WALKER,            )
                                  )
         Defendants               )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

Presently pending is Defendant Thomas Walker's motion to dismiss (Docket Entry 15). For the reasons stated below, the Magistrate Judge recommends that the motion be **GRANTED** and that the complaint against Defendant Walker be **DISMISSED** with prejudice.

## BACKGROUND

The Plaintiff filed a 1983 Civil Rights action against Metropolitan Government, Sgt. Sheila Stinson, and Lt. Thomas Walker on May 9, 2011. The complaint essentially alleges that Sgt. Stinson wrongfully took three packs of butter from his cell. He alleges that she did not take similar items from other inmates. This incident took place on April 26, 2011. He alleges that Sgt. Stinson treats Hindu, Muslim and Jewish inmates more harshly than other inmates and that he is a Jewish inmate. The Defendant Lt. Walker is only mentioned in Section II (C)(2) of the complaint when

he states that he "Talked to Lt. Walker about the matter at hand, but have yet to receive a response."

The memorandum of Lt. Walker (Docket Entry 16) appears to state the law correctly in this matter. There is no allegation that Lt. Walker was personally involved in the alleged seizure of the three butter packs, and even assuming that he received notice of Plaintiff's grievance, there is no liability under § 1983 for mere failure to act on a grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) *cert. denied* 530 U.S. 1264, 120 S. Ct. 2724, 147 L.Ed.2d 988 (2000). There is no claim that Lt. Walker personally participated in the act of the seizure of the butter, nor that Lt. Walker directed the seizure or personally participated in its seizure. Section 1983 is not a basis for liability under *respondeat superior*. In fact, the complaint itself does not show that the Plaintiff took any further action to resolve the grievance.

The Plaintiff has not responded to the motion to dismiss. Nevertheless, the Magistrate Judge has reviewed the matter to insure that the Defendant has stated a basis for the motion to dismiss. The Plaintiff does not indicate whether Lt. Walker is sued in an individual or official capacity. Normally, failure to designate the capacity in which the individual is sued means that the suit is against him in an official capacity. However, regardless of the capacity in which Lt. Walker is sued, it appears

that the complaint fails to state a cause of action against him and all claims against him should be dismissed with prejudice.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be **DISMISSED** with prejudice and that any appeal from the dismissal of Lt. Walker not be certified as meritorious.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 15th day of August, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3